**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**

| | |
|---|---|
| KAT LOVE,                                        ) | |
|     Plaintiff,               ) | |
|                              ) | |
| v.                                               ) | Case No.: |
|                              ) | |
|                              ) | JURY TRIAL DEMANDED |
| SPRING WOODS PROPERTY                            ) | |
| HOLDINGS LLC and                                 ) | |
| BLUE ROCK PREMIER                                ) | |
| PROPERTIES, LLC                                  ) | |
|     Defendants.              ) | |
| _____/ | |

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF,**
**DAMAGES, AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, KAT LOVE, by and through her undersigned counsel, and hereby files this Verified Complaint against the Defendants, SPRING WOODS PROPERTY HOLDINGS LLC and BLUE ROC PREMIER , as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Kat Love began her tenancy at The Park at Via Veneto, 445 Monument Road, Unit 118, Duval County, Florida 32225 on or around October 7, 2022, and paid a security deposit of $1.160.00 upon moving in.

2. She lives in a one-bedroom apartment and has a lease through October 6, 2024.

3. She is a good and responsible tenant and timely pays her rent.

4. Ms. Love brings this action for damages based upon the Defendants' violations of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601 et. seq. ("FHA") by failing to reasonably accommodate Ms. Love's disability, by subjecting her to different terms and privileges on account of disability in violation of the FHA and by coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of her having exercised or enjoyed any right granted or protected by the FHA.

5. Spring Woods Property Holdings LLC ("Spring Woods") is organized as a domestic limited company with its principal place of business located at 3240 Airfield Drive East, Lakeland Florida, 33811 in Polk County, Florida.

6. At all times relevant to the complaint and according to the City of Jacksonville Property Appraiser records, Spring Woods has been the owner of The Park at Via Veneto.

7. Blue Rock Premier Properties, LLC d/b/a Blue Roc Premier ("Blue Roc") provides property management services to Spring Wood.

8. Blue Roc is organized as a domestic limited liability company with its principal place of business located at 3240 Airfield Drive East, Lakeland Florida, 33811 in Polk County, Florida.

9. At all times relevant to the complaint, Blue Roc has been the property manager of The Park at Via Veneto.

10. Jurisdiction of this Court arises under 42 U.S.C. § 3613(a), (c), 28 U.S.C. § 1331 and § 1343(a)(3), (4).

11. Venue is proper in this district pursuant to 28 U.S.C. 1391(b).

## FACTUAL ALLEGATIONS

12. The FHA defines the term "handicap" as: "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h)(1).

13. Ms. Love is a person with a medical diagnosis of epilepsy that rises to the level of a qualified "handicap" person for purposes of the FHA.

14. According to her healthcare provider, Ms. Love is substantially impaired in her major life activity of sleeping and the mold in her apartment is causing her increased seizure activity which in turn is worsening her disability.

15. A flood in the bathroom of the upstairs apartment occurred causing it to flood over 10 times in her apartment beginning in the Spring of 2023.

16. Since then, there has been a mold-like substance accumulating in the ceilings and walls and throughout the apartment and management cut holes in the ceiling leaving the mold exposed.

17. The mold continued to get worse and Ms. Love's symptoms also worsened at that time.

18. She had trouble sleeping, breathing and had many seizures.

19. She asked management, approximately 3 times, to move her to a different apartment that was free from mold, but they did not do so.

20. On February 5, 2024, Ms. Love, through counsel, requested a reasonable accommodation of her disability, specifically immediate remediation or, if that is not achievable, a transfer to another unit that is free from mold.

21. On February 5, 2024, the registered agent for the owner acknowledged receipt of the request for a reasonable accommodation.

22. On the morning of February 6, 2024, the assistant apartment manager and a man from maintenance went to Ms. Love's apartment and told her that she would be transferred to a new apartment on the first floor that recently became available and that it was in the process of being cleaned and made ready for rental.

23. Also on February 6, 2024, Jeanette Wagner phone number 813-252-3149, the Area Manager for Blue Roc Premier, called Ms. Love and confirmed that they would be moving Ms. Love to a new apartment that would be available on February 16, 2024.  Ms. Love and Ms. Wagner agreed on a February 19, 2024, move date.

24. Ms. Wagner told Ms. Love in that conversation that Defendants were willing to pay for the move and that Ms. Love should call her preferred vendor, Matthew at Maximum Movers at 904-559-8985 and tell him that Jeanette referred her.

25. Ms. Love accepted the offer and thanked Ms. Wagner.

26. On February 7, 2024, HVAC people went to Ms. Love's apartment but did nothing to remediate the mold.

27. Some drywall was replaced and painted on February 7, 2024, but no remediation was done at Ms. Love's apartment.

28. On February 8, 2024, counsel for Ms. Love sent an email to the agent for the landlord informing him that the Ms. Love was offered and accepted a reasonable accommodation of a transfer to a new unit and payment by Defendants of moving expenses and that the matter had been resolved

29. The resolution of the reasonable accommodation was acknowledged by the agent, and he stated that he was "very glad it was resolved."

30. Also on February 8, 2024, the offer of a reasonable accommodation was rescinded by Charles Barrett, identifying himself as counsel for the landlord.

31. Defendant claimed that the mold in the unit was sufficiently remediated despite doing nothing to address the issue.

32. More troubling is that Mr. Barrett stated that a motivating factor for rescinding the reasonable accommodation that would mitigate her physical disability was because Ms. Love is regarded as a person with a psychological disability of "hoarding" disorder.

33. Since the alleged remediation of the conditions, Ms. Love continues to have difficulty breathing and sleeping and has had an increased number of seizures.

34. She awoke on Saturday, February 10, 2024, nauseous, coughing and having extreme difficulty catching her breath.

35. Ms. Love is unable to stay in her apartment for extended periods of time and has had to spend nights away so that she can sleep as an inability to sleep worsens her seizures.

36. To date, Ms. Love has not been transferred. She remains in her unit and is in great physical and emotional pain as her disability is worsened by Defendants' failure to accommodate her.

## CLAIMS

### FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE A REASONABLE ACCOMODATION, IN VIOLATION OF 42 U.S.C. § 3604(f)(3)

37. Defendants, through their actions and the actions of their agents, are liable to the Plaintiff by violating the federal Fair Housing Act of 1968, as amended, 42 U.S.C. §3601 et seq. by refusing to provide a reasonable accommodation to accommodate Ms. Love's disability in violation of 42 U.S.C. § 3604(f)(3)(A) and (B).

38. Defendants' unlawful actions were intentional, willful and implemented with callous or reckless disregard for Ms. Love's civil rights.

39. Due to the Defendants' discriminatory conduct, Ms. Love suffered injury, harm and damages.

## SECOND CAUSE OF ACTION
## DISPARATE TREATMENT BECAUSE PLAINITFF IS "REGARDED AS" HAVING AN IMPAIRMENT
## IN VIOLATION OF 42 U.S.C. § 3604(f)(1)

40. Defendants, through their actions and the actions of their agents, are liable to the Plaintiff by violating the federal Fair Housing Act of 1968, as amended, 42 U.S.C. §3601 et seq. by treating Ms. Love in a discriminatory manner because she is regarded as someone having a psychological disability in violation of 42 U.S.C. §§ 3602(h)(3)and 3604(f)(1).

## THIRD CAUSE OF ACTION
## COERCION, INTIMIDATION, THREATS, OR INTERFERENCE
## IN VIOLATION OF 42 U.S.C. § 3617

41. Defendants, through their actions and the actions of their agents, are liable to the Plaintiffs by violating the federal Fair Housing Act of 1968, as amended, in violation of 42 U.S.C. § 3617 by coercing, intimidating, threatening, or interfering with Ms. Love's exercise or enjoyment of her home, or exercise or with any right granted or protected by section 42 U.S.C. § 3604.

42. Upon information and belief other, similarly situated individuals who did not exercise or enjoy any right granted or protected by section 42 U.S.C. § 3604, did not suffer the same coercing, intimidating, threatening, or interfering actions or behavior by Defendants.

43. Defendants' unlawful actions were intentional, willful and implemented with callous or reckless disregard for plaintiff's civil rights.

44. As a result of the Defendants' conduct, plaintiff suffered injury, harm and damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court grant the following relief:

Enter a preliminary injunction enjoining Defendants from discriminating and requiring Defendants to:

1. Make available and rent any available mold-free and habitable unit comparable to Plaintiff's. If no such unit is currently ready and available for rent, then to make it ready and available fimmediately after it becomes vacant and order Defendants to pay moving expenses and waive any transfer fee
2. Further enter a permanent injunction:
   a. permanently ordering the relief set forth in (1) above;
   b. enjoining Defendants and its directors, officers, agents, and employees from discriminating or retaliating based on physical handicap and incorporating all the relief set forth above;
   c. directing Defendants to adopt a Reasonable Accommodation/Modification Policy which comports with federal, state and local law;

    d. directing Defendants and its directors, officers, agents, and employees to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent additional instances of such conduct or similar conduct from occurring in the future; and

3. Award compensatory damages to Plaintiff in an amount to be determined by the jury that would fully compensate Plaintiff for injuries caused by the conduct of Defendants as alleged herein;

4. Award punitive damages to Plaintiff in an amount to be determined by the jury that would punish Defendants for the willful, malicious, and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

5. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 3613(c)(2); and

6. Award such additional or alternative relief as may be just, proper and equitable.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues which can be heard by jury.

## **VERIFICATION**

I, Kat Love in Duval County, Florida, declare under penalty of perjury that the foregoing facts set forth in this Complaint are true and correct.

Executed on  02/15/24  .

_____Kat love_____
Kat love (Feb 15, 2024 14:24 EST)

Kat Love, Plaintiff

Dated: February 18, 2024                RESPECTFULLY SUBMITTED,

By: */s/Suzanne Garrow*
Lois Ragsdale Lead counsel
Fla. Bar No. 896896
Lois.ragsdale@jaxlegalaid.org
Suzanne Garrow
Fla. Bar No.: 122184
Jacksonville Area Legal Aid
126 West Adams Street
Jacksonville, FL 32202
(904) 356-8371 Ext. 374
(904) 405-1976 Fax
Suzanne.garrow@jaxlegalaid.org